Filed 6/18/21  P. v. Bracamonte CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAY ANTHONY BRACAMONTE,<br><br>Defendant and Appellant. | F080446<br><br>(Super. Ct. No. CF96571932)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Detjen, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

In 1998, defendant Ray Anthony Bracamonte pleaded guilty to first degree murder after participating in a robbery with two other individuals during which a victim was shot and killed. After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a Penal Code section 1170.95 petition for resentencing. (Undesignated statutory references are to the Penal Code.) The court denied the petition without issuing an order to show cause, concluding defendant was a major participant in the underlying felony who acted with reckless disregard for human life. Defendant now challenges the denial of his petition and the People concede remand is necessary for the court to issue a show cause order and to hold an evidentiary hearing because the record of conviction did not establish defendant was a major participant who acted with reckless indifference to human life as a matter of law.

We agree with the parties, reverse the court's order denying the petition, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1998, defendant pleaded guilty to first degree murder "under the felony-murder rule." He also admitted to having personally used a firearm during the commission of the crime within the meaning of section 12022.5, subdivision (a). Pursuant to the plea bargain, the court dismissed a charge of second degree burglary (count Two) and two special circumstance allegations pursuant to section 190.2, subdivision (a)(17)(A) and (G) that alleged the murder was committed during the commission of a robbery and burglary. Defendant received a stipulated term of 35 years-to-life imprisonment. In his plea form, defendant stipulated his plea was based on the following facts: he was a principal in a robbery during which he was personally armed with a firearm; an accomplice shot and killed the victim during the robbery; and under the felony-murder rule he was guilty of first degree murder. He also stipulated the preliminary hearing transcript provided the factual basis for the plea.

2.

*Petition for Resentencing*

In 2019, Bracamonte submitted a petition for resentencing pursuant to section 1170.95. In an attached declaration, he stated a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; he pled guilty to first degree murder in lieu of going to trial because he believed he could be convicted of first degree murder with special circumstances (robbery) at trial; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He specifically declared he could not now be convicted of first degree murder because of changes to sections 188 and 189, effective January 1, 2019, because he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony; and the victim of the murder was not a peace officer in the performance of his or her duties. He also averred he retained an attorney to assist him during the resentencing process.

The People responded to the petition, arguing defendant was not entitled to relief because the facts of the case established he was a major participant in the robbery and burglary who acted with reckless indifference to human life. They argued defendant's involvement in the underlying armed robbery was "substantial." They further argued he "displayed reckless indifference to human life when he, along with his two confederates, fired a gun inside the saloon where many people were present," and "[t]hese actions render [him] ineligible for relief." The People attached to their response the preliminary hearing transcript, two police reports, and an investigation report related to the incident.

Defendant filed a reply in which he argued he was not a major participant in the underlying felony and did not act with reckless indifference to human life. The People then filed a second opposition to the motion for resentencing, arguing the court should deny the petition because defendant failed to make a prima facie showing he could not be

3.

convicted under newly enacted section 189. Finally, defendant filed supplemental points and authorities arguing he met the requirements of section 1170.95, which was sufficient for a prima facie showing of entitlement to relief.

The court held a hearing at which it denied defendant's petition. At the hearing, defendant was represented by counsel but defendant was not present. The court noted "[t]he People concede [defendant] was not the actual killer, nor directly an aider and abettor to the murder." The court then stated it "must determine whether the evidence in the record of conviction is sufficient to support a finding that [defendant] was a major participant in the robbery who acted in reckless indifference to human life." The court then continued:

> "In this instance the record of conviction included the change of plea form, the change of plea transcript, as well as the preliminary hearing transcript which served as a factual basis for [defendant]'s plea.

> "Both parties present today have presented the Court with case authority discussing and describing the terms 'major participant' as well as 'reckless indifference.' These cases include California Supreme Court cases People versus Clark, People versus Banks, and People versus Estrada, United States Supreme Court cases Tyson [sic] versus Arizona, and Edmond [sic] versus Florida, citations are included in the briefs.

> "When making it's [sic] analysis this Court is instructed to examine the evidence under the totality of the circumstances. In People versus Banks the Court recited a nonexclusive list of factors to consider in determining whether an individual was a major participant. It included, what role did the defendant have in planning the criminal enterprise that lead [sic] to one or more deaths, what role did the defendant have in supplying or using lethal weapons, what awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience, or conduct of the other participants, was the defendant present at the scene of the killing in a position to facilitate or prevent the actual murder, and did his own actions p[l]ay a particular role in the death, what did the defendant do after the lethal force was used.

> "In regards to the issue of reckless indifference, People versus Banks stated that the defendant must be subjectively aware that his participation in the felony involved a great risk of death.

"Many of the relevant cases cited, as well as the recent California case of In Re Taylor, compare and contrast the particular facts of the respective cases in order to support their ruling. Facts drive the determination.

"Now, after careful consideration of the facts presented in this case, it is this Court's considered opinion that [defendant] was in fact a major participant in the armed robbery, and that he acted with reckless indifference to human life.

"[Defendant] and three others conspired to commit an armed robbery, they procured masks and gloves, they cased the parking lot before entering the bar. [Defendant] and two others entered the bar wearing face masks, all three shot their guns inside the crowded bar, coparticipant Bernal shot and murdered and wounded a bar patron, Mr. Cox.

"After shooting the victim, Bernal jumped onto the bar and fired a gun down the hallway, then grabbed the cash register drawer. While he did this, [defendant] stood guard with his gun ready, positioned next to the pool tables, [defendant] made no effort to aid the victim, Mr. Cox, who was pronounced deceased about 40 minutes later.

"[Defendant] not only did not aid Mr. Cox, but logically his actions prevented others from doing so. His actions also prevented others from leaving to seek such aid. Based on [t]his factual record, the Court finds [defendant] has not made a prima facia [*sic*] showing that he could not be convicted of first-degree murder with the changes made to … Section 189. He's not a get away driver, he's not a minor participant, has been found in cases the facts here in this Court's view fully establish [defendant] to be a major participant in this felony offense, and one who acted with extreme reckless indifference to human life."

## DISCUSSION

Defendant challenges the denial of his petition for resentencing, and the parties agree the matter must be remanded for the court to issue an order to show cause and to hold an evidentiary hearing.

### 1. Senate Bill 1437 and Section 1170.95

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder

liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

6.

Newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).) An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid.*) The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

**2.      Analysis**

Defendant argues the court erred in going beyond the pleadings to examine the record of the preliminary hearing in deciding whether to find a prima facie case and issue an order to show cause.   He asserts the factual allegations in his petition were sufficient to establish a prima face case and required an order to show cause.   He further contends the record of conviction did not show as a matter of law that the factual allegations in his petition were not true.   Rather, "the trial court engaged in a weighing of the evidence adduced at the preliminary hearing … to make factual findings that [defendant] was a major participant in the crime who acted with reckless indifference to human life," which was not permitted until an order to show cause issued and an evidentiary hearing held. Finally, defendant argues even if the court could weigh the evidence in the record of conviction and make credibility determinations, the record in this case was insufficient to prove beyond a reasonable doubt that he was a major participant in the robbery who acted with reckless indifference to human life.   Relatedly, he asserts the relevant evidence adduced at the preliminary hearing contained multiple levels of hearsay and should not have been relied upon by the trial court to find that a prima facie case had not been pled. The People concede where, as here, a defendant has averred facts which, if true, render him eligible for resentencing and the record does not indisputably show he is ineligible, an order to show cause must issue and then an evidentiary hearing must be held. Accordingly, they admit defendant is entitled to a hearing to adjudicate the disputed facts and, at the hearing, the People will bear the burden of proving beyond a reasonable doubt defendant was a major participant who acted with reckless indifference to human life. We, too, agree defendant is entitled to a remand for the court to issue an order to show cause and hold an evidentiary hearing at which the prosecution will bear the burden of proving, beyond a reasonable doubt, that defendant is ineligible for relief.   Here, it is undisputed by the parties that defendant's petition established a prima facie showing he is entitled to relief.   (§ 1170.95, subd. (c).)   As required, his petition alleged a complaint, information, or indictment was filed against him allowing the prosecution to proceed

8.

under a theory of felony-murder or murder under the natural and probable consequences doctrine; he accepted a plea offer in lieu of trial at which he could be convicted for first degree or second degree murder; and he could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a).)

And the parties do not argue, nor does the record before us conclusively establish, defendant was categorically ineligible for relief as a matter of law. Rather, the court had to weigh evidence and facts to conclude defendant was a major participant who acted with reckless indifference to human life, which was inappropriate at this stage of the petitioning process. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 980–981 ["[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law …. [I]f the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner.' [Citation.]"]; accord, *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["prima facie showing the defendant must make is that he [or she] did not, in fact, act [as required] or harbor the mental state required, for a murder conviction under current law" and "the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues. Thus, absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence"]; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 114, review granted Feb. 10, 2021, S265692 [trial court should determine whether substantial evidence supports the conclusion petitioner *could* still be convicted of murder following

9.

amendments to §§ 188 and 189 in determining if petitioner made prima facie showing of eligibility for relief].)

Because defendant made a prima facie showing of entitlement to relief and the record does not support a conclusion he was categorically ineligible for relief as a matter of law, the court was required to issue an order to show cause and hold a hearing during which the prosecution bears the burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing.  (§ 1170.95, subd. (c).)  We reverse the court's order denying the petition and remand for further proceedings.

## DISPOSITION

The matter is remanded with directions that the trial court vacate its order denying the petition, issue an order to show cause, and hold a hearing during which the prosecution bears the burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing.